IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEFANIE D. MASON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-1191-LPS |
| STATE OF DELAWARE (J.P. COURT), et al., | : |
| Defendants. | : |

Stefanie D. Mason, Newark, Delaware, Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

September 14, 2017
Wilmington, Delaware

{{signature}}

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Stefanie D. Mason ("Plaintiff") filed this action alleging employment discrimination by reason of a disability. (D.I. 2) She proceeds *pro se*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court are Plaintiff's motion to reopen the case,[1] Defendants' motion to dismiss, and Plaintiff's request for counsel. (D.I. 10, 23, 28)

## II. BACKGROUND

The complaint and amended complaint allege employment discrimination by reason of disability and retaliation in violation of the Americans with Disabilities Act, the Uniformed Services Employment and Reemployment Rights Act of 1994, the Fair Labor Standards Act, and the criminal code as set forth in Title 18 of the United States Code. (*See* D.I. 2, 11) Plaintiff alleges that the discriminatory acts occurred on January 1, 2012 and July 21, 2013. (*See id.*) Plaintiff states that on December 14, 2014, she filed charges with the Department of Labor of the State of Delaware Office of Anti-Discrimination and the Equal Employment Opportunity Commission of the United States ("EEOC"). (*See id.*) The original complaint states that the EEOC issued a notice of right to sue in December 2015. (*See* D.I. 2) Plaintiff commenced this action on December 22, 2015. Plaintiff filed two right to sue letters on August 15, 2017, for EEC Charge Nos. 530201503643 and 17C201400762. (D.I. 27)

Plaintiff seeks compensatory damages, the disbarment of two attorneys, and the termination of defendants' employment. In the complaint, plaintiff also requests counsel.[2] (*See* D.I. 2)

---

[1] The motion to reopen will be denied as moot. The case was reopened a few days before the motion was filed. (*See* D.I. 9, 10)

[2] Pursuant to 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any personal unable to afford counsel. Section 1915(e)(1) confers the district court with the power to

1

## III.     LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim.

---

request that counsel represent a litigant who is proceeding *in forma pauperis*. Plaintiff sought, and was denied, *in forma pauperis* status. (D.I. 5) Hence, she does not qualify for counsel under § 1915.

2

*Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false." *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Defendants move to dismiss pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6) on the grounds that the Complaint fails to state claims upon which relief may be granted (particularly the individual defendants), and Plaintiff failed to provide the Court with the notice of right to sue letter.

## IV. DISCUSSION

### A. Administrative Remedies

Defendants move to dismiss Plaintiff's employment discrimination claims for her failure to exhaust administrative remedies. Plaintiff did not address the issue in her response. Instead, she provided additional facts to support the claims that she brings pursuant to: (1) Title VII of the Civil Rights Act of 1964; (2) the Equal Pay Act of 1963, 29 U.S.C. § 206(d); (3) the ADA, 42 U.S.C. § 12101, subtitle I, V, and VII; (4) Delaware merit rule book, Chapters 4 and 5, 29 Del. C. § 5906; (5) 19 Del. C. § 724; (6) 11 Del. C. §§ 611, 622, and 1311; (7) Uniform Services Employment and Reemployment Act of 1994, Title 38, Chapter 43; (8) Delaware Code Title 20, Chapters 1, 3, 9, 31, 33, and 34; and (9) Delaware Code Title 29, Chapters 46 and 55. (*See* D.I. 26 at 2-4, 6-9, 11) Plaintiff filed two right to sue letters on August 15, 2017, for EEC Charge Nos. 530201503643 and

3

17C201400762, both giving her the right to institute a civil action against the State of Delaware, JP/VAC, under the Title I (employment discrimination) and V (retaliation) of the ADA, 42 U.S.C. § 12111, *et seq.* and 42 U.S.C. § 12203, respectively. (D.I. 27)

A plaintiff must comply with the procedural requirements set forth in Title VII before bringing employment discrimination claims under the ADA or Title VII.[3] *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (applying Title VII procedural requirements to ADA discrimination claim). Title VII and, therefore, the ADA, require a complainant to file a charge of discrimination and receive a right to sue letter from the EEOC before filing suit in the district court. *See Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). This prerequisite, akin to a statute of limitations, mandates dismissal of a Title VII or ADA claim if a plaintiff files the claim before receiving a right to sue notice. *See Story v. Mechling*, 214 F. App'x 161, 163 (3d Cir. Jan. 19, 2007) (plaintiff may not proceed with Title VII claim because he neither received right to sue letter nor submitted evidence indicating that he requested right to sue letter); *Burgh*, 251 F.3d at 470. Without first affording the EEOC an opportunity to review and conciliate the dispute, a plaintiff may not seek relief in federal court for her Title VII claim. *Burgh*, 251 F.3d at 470.

Plaintiff has finally provided right to sue letters for her ADA claims against the State of Delaware, PR/VAC. She has not provided documents to the Court to satisfy the administrative exhaustion requirements for any other employment discrimination claims. Nor did Plaintiff address the issue of the right to sue letter in her response. Therefore, the Court will deny the motion to

---

[3]The administrative prerequisites, as provided in 42 U.S.C. § 2005e-5, require a plaintiff to first lodge a complaint with either the EEOC or the equivalent state agency responsible for investigating claims of employment discrimination – in Delaware, the DDOL. *See* 42 U.S.C. § 2000e-5(e). If the EEOC or equivalent state agency determines not to pursue a plaintiff's claims and issues a right-to-sue letter, only then may a plaintiff file suit in court. *See* 42 U.S.C. § 2000e-5(f)(1). Section 2000e-5(f)(1) requires that claims brought under Title VII shall be filed within 90 days of the claimant's receipt of the EEOC right to sue letter.

4

dismiss on the exhaustion issue as to the ADA claims, and will grant Defendants' motion to dismiss as to any other employment discrimination claims.

## B. Pleading Requirements

Defendants also seek dismissal for Plaintiff's failure to comply with Fed. R. Civ. P. 8 and 12(b)(6), arguing that Plaintiff fails to state plausible claims against them. Plaintiff appears to attempt to amend her complaint via her response to the motion.

It is well-settled that a plaintiff cannot amend a complaint through the filing of a brief, or through arguments set forth in a brief opposing a dispositive motion. *See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *cf. Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)").

As they now stand, the complaint and its amendment fail to state claims upon which relief may be granted[4] and, therefore, the motion to dismiss will be granted. Plaintiff will be given the opportunity to amend to correct the pleading deficiencies. Plaintiff should attach copies of the charges of discrimination to the amended complaint, as well as copies of any other right to sue letters that she has received that are related to this action.

---

[4]For example, while not clear, Plaintiff seems to raise employment discrimination claims against individual defendants, even though there is no individual liability under Title VII or Titles I and II of the ADA. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002); *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996). In addition, Plaintiff refers to various statutes, but it is not clear from the pleadings under which theory Plaintiff proceeds against each defendant.

5

## IV. REQUEST FOR COUNSEL

Plaintiff requests counsel. (D.I. 28) She advises the Court that she has been unsuccessful in her attempt to retain counsel and asks for assistance from the Court. Plaintiff proceeds *pro se* and paid the filing fee on August 5, 2016, after she was denied *in forma pauperis* status. (*See* D.I. 1, 4)

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any personal unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*. Plaintiff sought, and was denied, *in forma pauperis* status. Hence, she does not qualify for counsel under § 1915. Therefore, the Court will deny the request. (D.I. 28)

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's motion to reopen the case (D.I. 10); (2) grant Defendants' motion to dismiss (D.I. 23); (3) give Plaintiff leave to amend to cure the pleading defects and provide copies of the charges of discrimination and any other right to sue letters related to this action; and (4) deny Plaintiff's request for counsel (D.I. 28).

An appropriate Order will be entered.



RECEIVED SEP 1 4 2017 U.S. DISTRICT COURT DISTRICT OF DELAWARE