IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| STEFANIE D. MASON,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF DELAWARE (J.P. COURT), *et al.*,<br><br>    Defendants. | Civil Action No. 15-1191-GBW |

## MEMORANDUM ORDER

Presently before the Court are the following motions of Plaintiff Stefanie D. Mason ("Plaintiff"):

1. Motion to Reopen Case (D.I. 42);

2. Motion Requesting Reimbursement of PACER Fees ("Motion for Reimbursement") (D.I. 43); and

3. Motion for E-Filing Rights and to Amend the Complaint (D.I. 44),

(collectively, "Plaintiff's Motions"). For the reasons set forth below, Plaintiff's Motions are DENIED.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated the present action on December 22, 2015, by filing the original Complaint (D.I. 1), which was dismissed for failure to pay the filing fee (D.I. 5). Plaintiff successfully reopened the case (D.I. 9), and filed the First Amended Complaint on October 19, 2016 (D.I. 11). Plaintiff's First Amended Complaint was dismissed for failure to exhaust administrative remedies

and failure to state a claim upon which relief could be granted. (D.I. 29 at 5). Plaintiff was given an opportunity to amend her complaint to cure these deficiencies. (*Id.* at 6). On October 10, 2017, Plaintiff filed the Second Amended Complaint. (D.I. 32). In the Second Amended Complaint, Plaintiff brought claims under (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), (2) the Americans with Disabilities Act of 1990 ("ADA"), (3) the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USSERA"), and (4) the Delaware Merit Rules. (*See id.* at Counts 1-6). Then-District Judge Leonard Stark ("Judge Stark") dismissed the Second Amended Complaint in its entirety, finding that (1) Plaintiff failed to allege she was a member of a protected class under Title VII, (2) Plaintiff's ADA claims against the State of Delaware are barred under the Eleventh Amendment, (3) Plaintiff's remaining ADA claims could not be brought against individual defendants, (4) Plaintiff's USSERA claims were not actionable because her employer was the State of Delaware, (5) Plaintiff's claims under the Delaware Merit Rules were insufficiently pled, and (6) the Court declined to exercise supplemental jurisdiction over Plaintiff's Delaware Merit Rules claims. (D.I. 40 at 6-11).

On March 23, 2026, Plaintiff filed a Motion to Reopen the Case under Federal Rule of Civil Procedure 60(b), alleging that Allen Guizzetti[1] mispresented his relationship with Plaintiff during the course of certain relevant legal proceedings. (D.I. 42 at 1-2). Plaintiff also filed a motion seeking reimbursement of fees paid to Public Access to Electronic Court Records

---

[1]    Plaintiff appears to interchangeably use "Alan Guzzetti" and "Allen Guizzetti" as the name of the individual she accuses of misconduct. (*See* D.I. 42 at 2-3 (using "Alan Guzzetti" and "Allen Guizzetti" interchangeably)). For the purpose of resolving Plaintiff's Motions, the Court will assume Plaintiff refers to the same individual, and the Court will refer to said individual as "Allen Guizzetti."

("PACER") (D.I. 43), and a Motion for E-Filing Rights to PACER and to Amend the Complaint (D.I. 44).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(3) allows the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(3). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting h[er] case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983) (citation omitted). "Relief may be warranted so long as the evidence 'would have made a difference' in advancing" the case. *Pierce v. City of Philadelphia*, 811 F. App'x 142, 150 (3d Cir. 2020) (quoting *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1202 (3d Cir. 1989)).

## III.    DISCUSSION

### A.    The Court Denies Plaintiff's Motion to Reopen to Case

Plaintiff moves to reopen the case based on Allen Guizzetti's allegedly false testimony regarding his relationship with Plaintiff in related legal proceedings before other tribunals and "legal documents [in] this case." (D.I. 42 at 2). However, Plaintiff fails to identify how any such misrepresentations would have made a difference in advancing her case. As discussed above, Judge Stark dismissed the federal claims in Plaintiff's Second Amended Complaint because (1) she failed to plead that she was a member of a protected class under Title VII and (2) her remaining federal causes of action were either barred under the Eleventh Amended or did not provide for causes of action against individual defendants. (D.I. 40 at 6-11). Judge Stark then declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.    (*Id.* at 11).

Accepting that Allen Guizzetti misrepresented his relationship with Plaintiff, Plaintiff's claims would nonetheless be barred for the same reasons as outlined by Judge Stark. *Iqbal v. BPOA*, No. 24-1077, 2024 WL 3565307, at *3 (3d Cir. July 29, 2024) ("Iqbal also challenges the denial of his Rule 60(b)(3) motion, in which he claimed fraud on the court. But as the District Court explained, Iqbal appears to claim only that certain defendants committed 'fraud' by presenting false evidence in his prior proceedings. Iqbal cannot proceed with those claims for the reasons explained by the District Court and as discussed herein, and he did not raise anything in his Rule 60(b)(3) motion even arguably requiring a different result.") (subsequent history omitted).

Additionally, Plaintiff fails to show that the misrepresentations of Allen Guizzetti were those of an adverse party to this case. Plaintiff alleges that Allen Guizzetti made false statements to the Delaware Family Court regarding his relationship with Plaintiff on June 3, 2025, years after the case closed. (D.I. 42 at 2). Plaintiff does not explain how Allen Guizzetti's allegedly false statements, made years after the case closed, were attributable to an adverse party in this case. *Iqbal v. Bd. of Pro. & Occupational Affs.*, No. 2:23-cv-832, 2024 WL 149840, at *1 (W.D. Pa. Jan. 12, 2024) ("Plaintiff does not identify any fraud, misrepresentation or misconduct by an adverse party *in this case* that prevented him from fully and fairly presenting his claims, nor has he submitted clear and convincing evidence of any such alleged fraud or misconduct.") (subsequent history omitted). Thus, Plaintiff's Motion to Reopen (D.I. 42) is DENIED.

### B.   The Court Denies Plaintiff's Motion for Reimbursement of PACER Fees

Plaintiff next moves for reimbursement of fees incurred for accessing documents related to this action. (D.I. 43). However, "[a]ll parties and attorneys of record receive one free electronic copy of documents filed with the court if they are registered with the court's CM/ECF system." *Katumbusi v. Gary*, No. 2:14-cv-1534 JAM AC PS, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30,

2014). "If not, a party will receive a copy of all orders and filed documents via mail." *Id.* Plaintiff's request that her fees be reimbursed because she was "unaware on how to use the PACER system" thus does not warrant reimbursement of fees she incurred in prosecuting her case. (D.I. 43 at 1); *see also Button v. New York Times Co.*, No. 1:24-cv-05888-MKV, 2025 WL 328002, at *2 (S.D.N.Y. Jan. 29, 2025) (A party seeking exemption from PACER fees "must demonstrate that an exemption beyond the automatic exemptions 'is necessary . . . to avoid unreasonable burdens and to promote public access to information.'" (quoting *Pina v. New York State Gaming Comm'n*, No. 24-CV-5383 (LTS), 2024 WL 3565780, at *2 (S.D.N.Y. July 29, 2024) (omission in original))); *Katumbusi*, 2014 WL 5698816, at *4 ("Exemptions from PACER user fees are uncommon."). Thus, Plaintiff's Motion for Reimbursement (D.I. 43) is DENIED.

### C. The Court Denies-as-Moot Plaintiff's Motion for E-Filing Rights and to Amend the Complaint

Because Plaintiff's Motion to Reopen the Case (D.I. 42) was denied, Plaintiff's Motion for E-Filing Rights and to Amend the Complaint (D.I. 44) is DENIED-AS-MOOT. *See Rhines v. United States*, 677 F. App'x 34, 36 (3d Cir. 2017) ("As a general rule, once a judgment has been entered, a plaintiff is not allowed to amend his complaint unless that judgment has been 'set aside or vacated' under Rules 59 or 60.").

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motions are DENIED.

*       *       *

WHEREFORE, at Wilmington this 2nd day of April 2026, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to Reopen Case (D.I. 42) is **DENIED**;

2. Plaintiff's Motion Requesting Reimbursement of PACER Fees (D.I. 43) is **DENIED**; and

3. Plaintiff's Motion for E-Filing Rights and to Amend the Complaint (D.I. 44) is **DENIED-AS-MOOT**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE